## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JANET EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-1231-F |
| ) | |
| (1) SAFECO INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| (2) AMERISURANCE AGENCY, ) | |
| INC., and ) | |
| (3) JIM W. BRANCH, ) | |
| ) | |
| Defendants. ) | |

### NOTICE OF REMOVAL

Defendant Safeco Insurance Company of America ("Safeco"), pursuant to 28 U.S.C. § 1332, 1441 and 1446, removes this action which was has been pending as Case No. CJ-2014-683-TS in the District Court of Cleveland County, Oklahoma. This Court has jurisdiction because there is complete diversity between the plaintiff and defendants Safeco and Jim W. Branch, and the jurisdictional amount is met. The citizenship of the other defendant, Amerisurance Agency Inc., is immaterial because it is fraudulently joined. The case is timely removed as this removal is filed within 30 days from the date this defendant was served with the Petition.

**1. Background.**

On or about June 1, 2013, wind and hail damaged plaintiff Janet Edward's residential property located at 1004 Silver Maple Ave, in Moore, Cleveland County, Oklahoma. At the time, Edwards had her homeowners insurance with Safeco. She purchased her Safeco

homeowners policy through defendant Amerisurance Agency, Inc. ("Amerisurance"). The policy Edwards purchased was a standard replacement cost policy which provided coverage for the loss. After Edwards reported the loss, the assigned adjuster, defendant Jim W. Branch, inspected and photographed the damage and prepared a repair estimate. Safeco paid this claim, including paying the recoverable depreciation after Edwards completed repairs.

Plaintiff sued Safeco alleging causes of action for breach of contract and bad faith, among other things, all of which arise from or relate to her apparent disagreement with Safeco's evaluation of her claim.

In addition to Safeco, plaintiff named Branch and Amerisurance. Safeco is a New Hampshire citizen. Branch is a Texas citizen. Plaintiff and Amerisurance are Oklahoma citizens. However, Amerisurance's current presence in this lawsuit does not defeat Safeco's right of removal due to the fraudulent joinder of Amerisurance, a party against which plaintiff is unable to establish a cause of action in state court.

Plaintiff's counsel has filed numerous Petitions arising out of the wind and hail storms that occurred in Oklahoma in Spring 2013. In most cases, in addition to suing the insurer, the Petition name one or more insurance agents who sold the subject insurance policy and/or one or more adjusters who worked on the adjustment of the claim. It appears that since April 2014, counsel representing plaintiff herein filed more than 70 such cases in Oklahoma and Cleveland County District Courts, and others in other Oklahoma District Courts. Except for the names and dates, all petitions are basically the same. Though just a small portion of the

cases filed have been served thus far, at least 15 such cases have been removed to this Court, some on the grounds of the fraudulent joinder of one or more defendants.[1]

Safeco properly and timely removes this case and requests that Amerisurance be dismissed as fraudulently joined.

**2.    Pleadings and Service**.

On May 30, 2014, Edwards filed a Petition in the District Court of Cleveland County, Oklahoma styled <u>Janet Edwards v. Safeco Insurance Company of America, Amerisurance Agency, Inc., and Jim W. Branch</u>, Case No. CJ-2014-683 (the "State Court action"). A copy of the docket sheet, all process, pleadings, papers, and orders served in the State Court action are attached to this Notice of Removal as Exhibits 1 through 14, as required by 28 U.S.C. § 1446(a) and LCvR 81.2.

---

[1] The cases removed as of this date are: <u>Harris et al v. State Farm Fire and Casualty Company et al.</u>, 5:14-cv-01070-C, filed 10/02/14; <u>Ruffin v. State Farm Fire & Casualty Company et al.</u>, 5:14-cv-01071-F, filed 10/02/14; <u>Rivera et al v. Hartford Insurance Company of the Midwest et al.</u> 5:14-cv-01082-HE filed 10/06/14; <u>Bayro v. State Farm Fire & Casualty Insurance Company et al.</u>, 5:14-cv-01084-D, filed 10/06/14; <u>SAB One Inc v. Travelers Indemnity Company of Connecticut  et al.</u>, 5:14-cv-01085-D, filed 10/06/14; <u>Trosper et al v. Travelers Indemnity Company of Connecticut et al.</u>, 5:14-cv-01088-HE, filed 10/06/14; <u>SAB One Inc v. Travelers Indemnity Company of Connecticut et al.</u>, 5:14-cv-01089-R, filed 10/06/14; <u>Sterr Foods Inc v. Travelers Indemnity Company of America et al.</u>, 5:14-cv-01090-F, filed 10/06/14; <u>Sterr Foods Inc v. Travelers Indemnity Company of America et al.</u>, 5:14-cv-01091-F, filed 10/06/14; <u>SAB One Inc v. Travelers Indemnity Company of Connecticut et al.</u>, 5:14-cv-01094-C, filed 10/06/14; <u>Wolf v. State Farm Fire & Casualty Company et al.</u>, 5:14-cv-01097-M, filed 10/07/14; <u>Potts v. State Farm Fire and Casualty Company et al.</u>, 5:14-cv-01122-F, filed 10/14/14; <u>Supermart #7 v. North Star Mutual Insurance Company</u>, 5:14-cv-01129-M, filed 10/15/14; <u>Jepsen v. USAA Casualty Insurance Company et al.</u>, 5:14-cv-01135-F, filed 10/16/14; <u>Maverick Mart LLC v. North Star Mutual Insurance Company et al.</u>, 5:14-cv-01165-F, filed 10/24/14.

Three summons were issued on May 30, 2014, and an alias summons was issued on September 26, 2014. (Exh. 1, docket sheet).

Amerisurance was served on September 14, 2014 (Exh. 1; Exh. 5, Proof of Service).

Safeco was served with the Alias Summons and Petition on October 9, 2014. (Exh. 1; Exh. 6, Proof of Service).

Defendant Jim Branch was not served.

Both Amerisurance and Branch filed Motions to Dismiss, on October 6, 2014, and October 14, 2014 respectively. (Exh. 1; Exh. 4, Amerisurance MTD; Exh. 12, Amerisurance's Reply Brief; Exh. 7, Branch's MTD; Exh. 8, Branch's Amended MTD). There has been no hearing or ruling on either Motion to Dismiss (Exh. 1).

Plaintiff's Petition purports to plead causes of action against Safeco for (1) breach of contract, (2) bad faith, (3) breach of fiduciary duty, (4) negligence in the procurement of insurance, (5) constructive fraud and negligent misrepresentation, (6) negligent underwriting, (7) violation of the Oklahoma Consumer Protection Act, and (8) breach of common law duty of good faith and fair dealing.

Plaintiff's Petition purports to plead causes of action against Amerisurance for causes of action 2-8.

Safeco and Branch are represented by the undersigned attorneys; Amerisurance is represented by Sarah J. Timberlake and Nicolas D. Grimwood, Abowitz, Timberlake & Dahnke, P.C. Branch and Amerisurance through their counsel, consent to this removal.

3. **Basis for Jurisdiction in this Court.**

The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. §1332(a). Removal is proper pursuant to 28 U.S.C. §1441, et seq.

4. **Citizenship of the Parties.**

   a. Plaintiff Janet Edwards is a resident and citizen of Oklahoma. (Exh. 2, para. 1).

   b. Defendant Safeco is a corporation organized under the laws of the State of New Hampshire and for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is 175 Berkeley Street, Boston, Massachusetts; therefore Safeco is deemed to be a New Hampshire citizen for purposes of diversity. (Exh. 2, para. 2; Corporate Disclosure Statement filed concurrently herewith).

   c. Amerisurance, an Oklahoma corporation incorporated under the laws of the State of Oklahoma, with its principal place of business in Oklahoma, is a citizen of Oklahoma. (Exh. 2, para. 3).

   d. Defendant Branch, an individual, is a citizen of Texas. (Exh. 2, para. 4).

5. **Amount in Controversy.**

The prayer, which states only that actual damages in excess of $10,000.00 and punitive damages in excess of $10,000.00 are sought, fails to comply with 12 O.S. §2012(A)(2) in that it fails to set forth whether the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the

United States Code. However, the body of the Petition clearly alleges damages exceeding $75,000.00.

When an amount of damages is asserted for individual causes of action, the amount in controversy is the sum of those amounts. Munoz v. Fed. Nat'l Mortg. Ass'n, 2014 WL 3418447, at *2 (D. Ariz. July 14, 2014)("if the amount alleged was only the $10,000 for state court purposes, it is asserted in twelve separate counts [and thus] the aggregate value of the monetary damages sought exceeds $75,000"). Moreover, allegations of both actual and punitive damages are to be considered and aggregated in determining whether the amount in controversy requirement has been satisfied. Burrell v. Burrell, 229 F.3d 1162, *2-*3 (10th Cir. 2000)(unpublished opinion), citing Bell v. Preferred Life Assur. Soc'y, 320 U.S. 238, 240 (1943)(("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount"); Watson v. Blankinship, 20 F.3d 383, 386 (10th Cir. 1994). The aggregate of the actual and punitive damages sought in this action clearly exceeds the minimum required jurisdictional amount.

In each of the first six causes of action against Safeco, plaintiff seeks actual damages "in excess of $10,000.00" "for financial losses, mental and emotional distress." (Exh. 2, paras. 21, 30, 39, 55, 68, 84). In addition, for each of the first six causes of action against Safeco, plaintiff seeks punitive damages. (Exh. 2, paras. 22, 31, 40, 56, 70, 85). As such, on

its face, Plaintiff's Petition seeks, at the least, actual damages in excess of $60,000.00 plus punitive damages on each of six causes of action.

Title 23, Oklahoma Statutes §9.1 provides for three categories of punitive damage limits. In the first category, the lowest level of punitive damages, upon a finding by clear and convincing evidence that "[a]n insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured" the jury may award the greater of $100,000.00 or the amount of actual damages awarded. Okla. Stat. tit. 23 §9.1(B). As such, seeking punitive damages establishes, on the face of the Petition, an amount in controversy of $100,000.00, at the least, which exceeds the amount required for diversity jurisdiction.

The allegations of Plaintiff's Petition establish that the amount in controversy exceeds the amount required for diversity jurisdiction. 28 U.S.C. § 1446(c)(2).

**6.     Notice Given.**

Safeco has filed a true and correct copy of this Notice of Removal with the Clerk of the District Court of Cleveland County, Oklahoma.

**7.     Fraudulent Joinder Generally.**

"The joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." Roe v. Gen.Am.Life Ins. Co., 712 F.2d 450, 452 (10th Cir. 1983), citing Dodd v. Fawcett Publications, Inc., 329 F.2d 82 (10th Cir. 1964); Smith v. Allstate Vehicle and Property Insurance Company, 2014 WL 1382488, *1 (W.D. Okla. April 8, 2014).

Although referred to as the doctrine of "fraudulent joinder," a finding of actual fraud is not required. "The issue, rather, is whether the claim against the nondiverse party is hopelessly lacking in merit - a condition which can, and often does, exist even in the absence of a fraudulent pleading." Redhat v. Gen. Binding Corp., 2008 WL 1944711, fn. 1 (W.D. Okla. 2008). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleadings of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court." Hyman v. Travelers Home & Marine Insurance Co., 2014 WL 111942, *1 (W.D. Okla. Jan. 10, 2014); Neill v. State Farm Fire & Casualty Co., 2014 WL 223455, *2 (W.D. Okla. Jan. 21, 2014)(same); Dutcher v. Matheson, 733 F.3d 780, 986 (10th Cir. 2013). With regard to the second option, the removing party "must show that there is no possibility of recovery by the plaintiffs against the instate defendants." Hyman, 2014 WL 111942, *1, citing Monsanto v. Allstate Indemnity, 2000 WL 525592 at *1 (10th Cir. April 14, 2000); Neill, 2014 WL 223455, *2 (same). "Where fraudulent joinder is claimed, courts must 'pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" Smith, 2014 WL 1382488 at *1, quoting Dodd v. Fawcett Publ'ns., Inc., 329 F.2d 82, 85 (10th Cir. 1964) cited in Nefad v. AstraZeneca Pharms., Inc., 203 Fed. Appx. 911, 913 (10th Cir. 2006); Hyman, 2014 WL 111942 at *1, quoting Smoot v. Chicago, R.I. P.R. Co., 378 F.2d 879, 882 (10th Cir. 1967) cited in Wagoner v. Hussey Seating Co, 2013 WL 6048853, at *2.

8.  **Amerisurance is Fraudulently Joined Because the Petition Fails to State a Viable Claim Against Amerisurance Under Oklahoma Law, and There is No Possibility that Plaintiff Can Establish a Cause of Action Against Amerisurance in State Court.**

Plaintiff's Petition purports to allege the following causes of action against Amerisurance: breach of fiduciary duty (Exh. 2, paras. 33-40), negligence in the procurement of insurance (Exh. 2, paras. 41-56), constructive fraud and negligent misrepresentation (Exh. 2, paras. 57-70), negligent underwriting (Exh. 2, paras. 71-85), violation of the Oklahoma Consumer Protection Act (Exh. 2, paras. 86-89), and breach of the common law duty of good faith and fair dealing (Exh. 2, paras. 90-93). There is no possibility of recovery by the plaintiffs against Amerisurance under any theory.

Amerisurance's Motion to Dismiss and Brief in Support filed on October 6, 2014, and Amerisurance's Reply in Support of its Motion to Dismiss filed October 30, 2014, Exhibits 4 and 12 hereto, both of which are adopted and incorporated as if fully set forth herein, demonstrate that plaintiff's petition fails to state a claim for which relief can be granted on any claim and therefore demonstrates that plaintiff has no possibility of recovery against Amerisurance under any theory. In addition, Safeco submits the following.

    A.    **Fraudulent Joinder as to Breach of Fiduciary Duty Claim.**

Plaintiff's claim for breach of fiduciary duty against Amerisurance (Exh. 2, paras. 33-40) fails because in Oklahoma an insurance agent does not owe a fiduciary duty to its client. Cosper v. Farmers Ins., Co., 309 P.3d 147, 150 (Okla. Civ. App. 2013)(holding plaintiff failed to state a claim against an insurance agent for breach of fiduciary duty); Swickey v.

Silvey Cos., 979 P.2d 266, 269 (Okla. Civ. App. 1999)("There are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer. . ."); Silver v. Slusher, 770 P.2d 878, 883 (Okla. 1988)(holding "[t]he relationship between the insured and insurer clearly is contractual in nature. . ."); Smith v. Allstate Vehicle and Property Ins. Co., 2014 WL 1382488 (W.D. Okla. Apr. 8, 2014) (finding fraudulent joinder of agent).

Plaintiff's allegation that she had a "special relationship" with Amerisurance because of the "quasi-public nature of insurance" and "unequal bargaining power between Plaintiff and Defendants" (Ex. 2, para. 34) has been rejected by Oklahoma courts. The Oklahoma Court of Civil Appeals found those factors "support an insurance company's implied duty of good faith and fair dealing," not the creation of a fiduciary relationship. Cosper, 309 P.3d at 150. Because Oklahoma law recognizes no fiduciary duty between an insurer and its insured, or an insurance agent or agency and its client, there is no possibility that plaintiff can establish a cause of action for breach of fiduciary duty against Amerisurance in state court.

**B.   Fraudulent Joinder as to the Causes of Action for Negligence in the Procurement of Insurance and Negligent Underwriting.**

Plaintiff's Petition purports to allege causes of action against Amerisurance for negligence in the procurement of insurance (Exh. 2, paras. 41-56) and for negligent underwriting (Exh. 2, paras. 71-85). The negligence in the procurement claim generally alleges the agent breached a duty of care owed to the plaintiff because the insurance requested by the plaintiff was allegedly not procured as promised and plaintiff suffered a loss

in that the policy procured allegedly did not serve to actually repair/replace the insured's dwelling and personal property, the policy procured did not accurately reflect the replacement cost of plaintiff's dwelling, and the agent failed to inform plaintiff of the limitations of the insurance policy procured for her. (Exh. 2, paras. 41-56, particularly paras. 48-49).

The negligent underwriting claim alleges Amerisurance breached its duty to plaintiff by allegedly failing to establish "accurate and consistent methodology for calculating the replacement cost of plaintiff's dwelling and/or personal property" which allegedly resulted in "inconsistent and inaccurate replacement cost valuations" wherein plaintiff paid premiums for policy limits that did not accurately reflect the risks insured. (Exh. 2, paras. 74-75). This claim also alleges Amerisurance automatically applied Safeco's annual inflationary adjustments to increase plaintiff's policy limits and premiums without regard to whether the increase was necessary (Exh. 2, para. 76).

Generally, the "negligent underwriting" and "negligent procurement of insurance" claims allege Amerisurance breached a duty to obtain proper or appropriate insurance for Edwards. As a matter of law, both causes of action fail.

These negligence-based claims against Amerisurance fail because an agent has no duty under Oklahoma law to advise his client regarding insurance needs, underwriting needs, or to monitor a policy for "appropriate" coverage." Mueggenborg v. Ellis, 55 P.3d 452, 453 (Ok. Civ. App. 2002); Rotan v. Farmers Ins. Group of Cos., 83 P.3d 894, 895 (Ok. Civ. App. 2003) citing Mueggenborg ("'insurance companies [and] their agents [do not] have a duty

to advise an insured with respect to his insurance needs'" and "a general request for 'adequate protection' and the like does not change this duty.").

In <u>Smith v. Allstate</u>, 2014 WL 1382488, the Petition plead a claim against an Allstate agent for "negligence in the procurement of insurance" which was nearly identical to Edwards' cause of action of the same name, and a cause of action for "negligence" which is nearly identical to Edwards' cause of action for "negligent underwriting." (Compare Exh. 2, paras. 41-56 and 71-85 to Exh. 15, Smith Petition, paras. 28-41 and 51-61) On April 8, 2014, this Court ruled that the agent was fraudulently joined, denied the plaintiffs' motion to remand and dismissed the agent. <u>Smith</u>, 2014 WL 1382488 at *4.

<u>Smith</u>, like the present action, arose from a wind and hail damage claim and like Safeco herein, Allstate removed the case within 30 days after it was served with the summons and Petition. This Court noted that in <u>Smith</u>, as in this case, the plaintiffs relied on the same allegations to support their negligence, negligent misrepresentation/constructive fraud and breach of fiduciary claims against the agent. In <u>Smith</u>, Judge Heaton found "[n]one of these allegations suffice to state a valid claim against defendant [agent] Muse." Judge Heaton reasoned,

> The Oklahoma Court of Civil Appeals held in <u>Swickey v. Silvey Cos</u>., 979 P.2d 266, 269 (Okla.Civ.App.1999) that "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." However, the Oklahoma appellate court subsequently "decline[d] to extend <u>Swickey</u> and impose a duty upon an insurer to provide an 'adequate amount' of coverage," when an insurance company and its agent "did not fail to procure insurance for

to advise an insured with respect to his insurance needs'" and "a general request for 'adequate protection' and the like does not change this duty.").

In <u>Smith v. Allstate</u>, 2014 WL 1382488, the Petition plead a claim against an Allstate agent for "negligence in the procurement of insurance" which was nearly identical to Edwards' cause of action of the same name, and a cause of action for "negligence" which is nearly identical to Edwards' cause of action for "negligent underwriting." (Compare Exh. 2, paras. 41-56 and 71-85 to Exh. 15, Smith Petition, paras. 28-41 and 51-61) On April 8, 2014, this Court ruled that the agent was fraudulently joined, denied the plaintiffs' motion to remand and dismissed the agent. <u>Smith</u>, 2014 WL 1382488 at *4.

<u>Smith</u>, like the present action, arose from a wind and hail damage claim and like Safeco herein, Allstate removed the case within 30 days after it was served with the summons and Petition. This Court noted that in <u>Smith</u>, as in this case, the plaintiffs relied on the same allegations to support their negligence, negligent misrepresentation/constructive fraud and breach of fiduciary claims against the agent. In <u>Smith</u>, Judge Heaton found "[n]one of these allegations suffice to state a valid claim against defendant [agent] Muse." Judge Heaton reasoned,

> The Oklahoma Court of Civil Appeals held in <u>Swickey v. Silvey Cos</u>., 979 P.2d 266, 269 (Okla.Civ.App.1999) that "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." However, the Oklahoma appellate court subsequently "decline[d] to extend <u>Swickey</u> and impose a duty upon an insurer to provide an 'adequate amount' of coverage," when an insurance company and its agent "did not fail to procure insurance for

> Plaintiffs." Cosper, 309 P.3d at 149. In reaching that conclusion in Cosper, the court noted that the plaintiffs "did not allege that they requested a specific coverage limit and Defendants disregarded the request and issued a policy in some other amount." Id. The Cosper court also determined that " '[i]nsurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs .'" Id. (quoting Rotan, 83 P.3d at 895).
>
> While plaintiffs contend they never acknowledged or signed the application that was submitted to obtain their policy, they do not assert that the amount of insurance selected was different from what they discussed with Muse or that they had asked for a different type of policy. See Swickey, 979 P.2d at 268 ("[T]o prevail on a claim [against an insurance agent] for breach of contract to procure insurance, a plaintiff must show that the insurance agent agreed to procure insurance coverage ... of a certain breadth, and then failed to do so."). Plaintiffs do state that the insurance procured did "not accurately reflect the replacement cost" of their dwelling." However, as noted earlier, the Oklahoma courts have explicitly refused to "impose a duty upon an insurer to provide an 'adequate amount' of coverage" when the insured "did not request a specific amount of coverage." Cosper, 309 P.2d at 149.  Because plaintiffs acknowledge that coverage was obtained and do not allege that the amount of coverage was not what they had requested, their attempt to hold Muse accountable under Oklahoma law for his conduct in conjunction with the procurement of their policy fails.[2]

Smith, 2014 WL 1382488 at *2.  Judge Heaton further noted,

> The court did find in Cosper that "nothing in the record show[ed][that the agent] played any part in setting a coverage limit," Cosper, 309 P.3d at 149, but that finding does not appear to have been essential to its conclusion that an insurer is not obligated to provide an "adequate amount" of coverage.

---

[2] Bruce v. Travelers Home & Marine Insurance Company, 2013 WL 6169221 (W.D. Okla. Nov. 25, 2013), with identical allegations against an agent, granted a motion to remand mistakenly finding that a cause of action against the agent was possible under Oklahoma law. Bruce is fatally flawed because the court relied solely on Swickey v. Silvey Cos., 979 P.2d 266, 269 (Okla.Civ.App.1999), failing to consider Cosper, 309 P.3d at 147, in which the Oklahoma Court of Appeals expressly refused to extend Swickey to allow a cause of action such as the "negligence in the procurement of insurance" claim plead in the Smith Petition, and the Edwards Petition herein.

Id.

As in Smith, the Petition in our case does not allege that Edwards requested a particular amount of insurance or that Amerisurance failed to procure insurance. Smith establishes that the allegations of negligence in the procurement of insurance and negligent underwriting in the Edwards Petition fail to state a viable claim against Amerisurance under Oklahoma law, and therefore there is no possibility that plaintiff can establish a cause of action against Amerisurance in state court. See also Neill v. State Farm, 2014 WL 223455, at *3 (W.D. Okla. January 21, 2014) (Plaintiffs' Motion to Remand denied and insurance agent dismissed due to fraudulent joinder where no claim could be established against the agent for negligence in the procurement of insurance and negligent underwriting).

Edwards has no possibility of establishing a cause of action against Amerisurance for negligence in the procurement of insurance or negligent underwriting.

### C. **Fraudulent Joinder as to the Cause of Action for Constructive Fraud/Negligent Misrepresentation.**

The "facts" alleged in this cause of action are essentially the same as those in the three causes of action discussed above. The Petition alleges Amerisurance had a duty to use reasonable skill in obtaining and notifying plaintiff of insurance coverage options (Exh. 2, paras. 58), and breached this alleged duty by misrepresenting the nature of the policy (Exh. 2, paras. 59, 61-63), that these alleged misrepresentations constituted constructive fraud

(Exh. 2, para. 64), which induced her to accept and purchase a Safeco insurance policy. (Exh. 2, para. 65).

Plaintiff's constructive fraud/negligent misrepresentation cause of action fails because there is no duty to "notify" an insured about the "nature" of the insurance purchased. Oklahoma law is clear, "insurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs." Rotan, 83 P.3d at 985; Cosper, 309 P.3d at 149 (holding no duty to provide an "adequate amount" of coverage); Mueggenborg, 55 P.3d at 452 (holding no statutory or common law duty to advise as to amount of insurance); Silver, 770 P.2d at 882, n. 11 (holding no duty to explain coverage terms to insured).  Amerisurance had no duty the alleged breach of which forms the basis of the cause of action for constructive fraud/negligent misrepresentation. See Billings v. Wal-Mart Stores, Inc., 837 P.2d 932, 933 (Ok. Civ. App. 1992)("Where there is no duty, there can be no breach of duty.").  Therefore, no liability on this cause of action is possible.

Moreover, the misrepresentation/constructive fraud cause of action fails because it rests upon alleged statements regarding the future performance of the policy, i.e., allegedly representing that "the amount of coverage procured would provide the coverage necessary for plaintiff to replace her property in the event it was destroyed by a covered event," and allegedly representing that "the insurance policy procured would comply with Plaintiff's reasonable expectations that the property would be restored to its pre-loss condition in the event of a covered loss."   (Exh. 2, para. 59 a-d).

Under Oklahoma law, a misrepresentation "must be regarding existing facts and not to future events." <u>Slover v. Equitable Variable Life Ins. Co.</u>, 443 F. Supp. 2d 1272, 1282 (N.D. (Okla. 2006) quoting <u>Hall v. Edge</u>, 782 P.2d 122, 128 n.4 (Okla. 1989). Thus, even if statements were made by Amerisurance concerning the policy which were not accurate, plaintiff could not reasonably have relied on them because the policy issued to her contained the terms and conditions of coverage, and "it is the duty of the insured to read and know the contents of the policy before he accepts it, and where he fails or neglects to do so he is estopped from denying knowledge of its terms and conditions, unless he alleges and proves that he was induced not to read the policy by trick or fraud of the other party." <u>Smith</u>, 2014 WL 1382488, *3. The Petition does not allege Edwards did not receive a policy, or that Amerisurance induced her not to read it. There is no possibility of recovery in state court on this cause of action because "[a]n action for fraud may not be predicated on false statements when the allegedly defrauded party could have ascertained the truth with reasonable diligence." <u>Silver</u>, 770 P.2d at 882, n.8.

The allegations of constructive fraud/negligent misrepresentation against Amerisurance contradict the very allegations of fact on which this lawsuit is supposedly grounded. The Petition <u>does not allege</u> Amerisurance failed to obtain insurance, or that the insurance obtained failed to provide coverage for the subject wind and hail claim. To the contrary, the Petition asserts that Edwards purchased a Safeco policy insuring her home and contents through Amerisurance, and that Safeco determined that the damage to her property

resulting from a wind and hail storm on or about June 1, 2013 was covered under the terms of the policy.  (Exh. 2, paras 5-6, 11-13).  The Petition <u>does not allege</u> plaintiff asked for a specific amount of insurance or that the storm destroyed plaintiff's house such that it needed to be replaced.  Indeed, it was not destroyed - it sustained repairable damage and Safeco paid what it determined to be the cost of repairs, including the "recoverable depreciation" after repairs were completed. Thus, this cause of action fails because it is based on an event that never occurred - the total loss of plaintiff's house for which replacement coverage did not apply.  The replacement cost of plaintiff's house is not at issue in this case.  Therefore plaintiff cannot reasonably have relied on the alleged statements regarding the replacement cost of the dwelling, nor could she have been "damaged" by them.

Finally, the fraud claims fail because plaintiff failed to plead facts with particularity as required by Fed.R.Civ.P. 9 and 12 O.S. §2009(B).  Allegations of fraud must be stated with sufficient particularity to enable the opposing party to prepare his/her responsive pleadings and defenses. <u>Gay v. Akin</u>. 766 P.2d 985, 993 (Okla.1988).  Whether alleging fraudulent misrepresentation or any other type of fraud or deceit, "[A] complaint alleging fraud [must] set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." <u>Caplinger v. Medtronic, Inc.</u>, 921 F.Supp.2d 1206, 1220 (W.D.Okla. 2013) quoting <u>Tal v. Hogan</u>, 453 F.3d 1244, 1263 (10th Cir. 2006).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129

S.Ct. 1937, 173 L.Ed.2d 868 (2009). While the Petition is long and repetitious, it fails to allege these required facts with specificity, or at all.

>    D.   **Fraudulent Joinder as to the Cause of Action for Violation of the Oklahoma Consumer Protection Act.**

Even if Amerisurance's alleged acts were contemplated by the OCPA, which they are not, the express provisions of the OCPA precludes an action against Amerisurance because the OCPA does not apply to "[a]ctions or transactions regulated under the laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state. . ." 15 O.S. §754(2). Plaintiff's inability to establish a claim for violation of the Oklahoma Consumer Protection Act against Amerisurance is fully briefed in Amerisurance's Motion to Dismiss and Reply, which are incorporated as if fully set forth herein. (Exh. 4, at pp. 12-15, Exh. 12, at pp. 10-12).

>    E.   **Fraudulent Joinder as to the Cause of Action for Breach of the Common Law Duty of Good Faith and Fair Dealing.**

In the response to Amerisurance's Motion to Dismiss, plaintiff dismisses this cause of action against Amerisurance. (Exh. 9, Plaintiff's Response to Defendant, Amerisurance Agency, Inc.'s Motion to Dismiss, at p. 12).

**9.    Removal is Timely.** Safeco was served through the office of the Oklahoma Insurance Commissioner on October 9, 2014. (Exh. 1; Exh. 6). This Notice of Removal is timely filed within the time allowed by 28 U.S.C.A. § 1446(b)(1), because it is filed within 30 days of service upon Safeco.

**10.** Pursuant to 28 U.S.C. § 1446(a), Safeco acknowledges that this Notice of Removal is signed and filed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Safeco Insurance Company of America requests this Notice of Removal be accepted by this Court, that Amerisurance Agency, Inc. be dismissed as fraudulently joined, and that the lawsuit proceed as an action properly removed to this Court's jurisdiction.

    /s/ *Tim D. Cain*                11/07/14
Tim D. Cain, OBA #11779
Wilson, Cain & Acquaviva
300 NW 13th Street, Suite 100
Oklahoma City, Oklahoma 73103
Telephone: 405-236-2600
Telecopier: 405-236-2607
Email: TimC@wcalaw.com
***Attorney for Defendants***
***Safeco Insurance Company of America and***
***Jim W. Branch***

### CERTIFICATE OF SERVICE

  X   I hereby certify that on November 7, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

J. Drew Houghton, OBA #18080
Foshee & Yaffe
P.O. Box 890420
Oklahoma City, OK 73189
Telephone: 405-232-8080
Facsimile: 405-601-1103
dhoughton@fosheeyaffe.com
***Attorney for Plaintiff***

Larry Bache, Esq.
FL State Bar No.: 91304
Merlin Law Group
777 S. Harbour Blvd, 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com
Telephone: 813-229-1000
Facsimile: 813-229-3692
*Attorney for Plaintiff*

Phillip N. Sanov, Esq.
TX State Bar No.: 17635959
Three Riverway, Suite 701
Houston, TX 77056
psanov@merlinlawgroup.com
Telephone: 713-626-8880
Facsimile: 713-626-8881
*Attorney for Plaintiff*

Sarah J. Timberlake, OBA #7532
Nicolas D. Grimwood, OBA #31999
Abowitz, Timberlake & Dahnke, PC
P.O. Box 1937
Oklahoma City, OK 73101
Telephone: 405-236-4645
Facsimile: 405-239-2843
sjt@abowitzlaw.com
ndg@abowitzlaw.com
*Attorneys for Defendant*
*Amerisurance Agency, Inc.*

            */s/ Tim D. Cain*
            Tim D. Cain